SMITH & McCRORKEN, INC., Respondent, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Appellant.

First Department, May 6, 1927.

Banks and banking — action by depositor to recover amount of check on which he directed bank to stop payment — defense that if bank would sue payee for amount of check plaintiff agreed to refrain from pressing claim against bank — agreement founded on sufficient consideration and not illegal — plaintiff's motion for summary judgment denied.

This is an action by a depositor to recover the amount of a check which the defendant bank paid after the depositor had directed the bank to stop payment thereon.

The defense to the action is that the plaintiff agreed not to commence this action against the defendant until the defendant had had a reasonable opportunity to sue the payee of the check and recover the amount paid to her. This agreement which required the bank at its own expense to conduct the action was founded upon a good consideration inasmuch as the bank agreed to do something that it was not required to do and agreed to pay the entire expense of the litigation in consideration of the plaintiff's agreement not to press its claim until the bank had had opportunity to collect the amount of the check from the payee.

The fact that the bank might not succeed in its action against the payee does not make the defense insufficient, for it could make an effort to do so and that was the purpose of the agreement.

The contention that the agreement is illegal cannot be sustained.

An issue was raised as to whether the agreement for forbearance was made and, therefore, the plaintiff's motion for summary judgment should have been denied.

APPEAL by the defendant, Chatham Phenix National Bank and Trust Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of September, 1926, granting plaintiff's motion to strike out the answer of defendant and for summary judgment.

*Jacob Scholer* of counsel [*Kaye, McDavitt & Scholer*, attorneys], for the appellant.

*S. Leighton Frooks* of counsel [*Philip Krieger* with him on the brief; *Frooks & Frooks*, attorneys], for the respondent.

MARTIN, J. The plaintiff was a depositor of the defendant bank during the years 1922 and 1923. On or about January 16, 1922, it drew a check to the order of B. M. Smith for $1,552.37. On March 23, 1922, plaintiff, in writing, directed the bank to stop payment of that check. Receipt of the order was properly acknowledged.

Subsequently and about nineteen months after payment was stopped, the bank, in violation of that direction, erroneously and negligently paid the check from plaintiff's money on deposit with it. The plaintiff demanded credit of the amount erroneously paid out, which demand was refused by the bank.

The payee of the check was the wife of plaintiff's president, from whom he had separated. He claims to have paid in full any indebtedness due her, but she indorsed the check to her father, who caused it to be presented, and it was paid.

In the affidavit submitted by the defendant it is stated that plaintiff's president Smith said that on account of his relation with the bank he did not want it to lose anything; that he did want to make his wife and her father return the amount of the check; and that an arrangement was then made to have them

sued by the bank's attorney without expense to Smith, it being agreed that he would refrain from pressing his claim against the bank pending the outcome of the action against his wife and her father.

Smith wrote a letter which is corroborative of the averments of defendant, in which he intimates that all arrangements between them ended with this letter. He says: "I thereupon commenced this action."

The defendant's representatives say that after the receipt of the letter from the attorney for the bank, the plaintiff's president called on the said attorney and repeated the original arrangement, and the attorney for the bank agreed to it. In another part of the affidavit the attorney for the defendant says he was authorized to act for the bank by the only officer of the bank who knew of the matter, a vice-president named James V. Brower. This same attorney says Brower's affidavit could not be obtained because he was away on his vacation and could not be reached.

The defendant's attorney avers that his firm had made an examination of plaintiff's books, had written to Smith's wife and her father and was preparing papers to sue them when plaintiff began this action. It is evident that a dispute has arisen as to whether the agreement had been finally made.

It is important to keep in mind the letter of Smith where he said: "I shall wait until the action is tried." Here we have it forcefully brought out that he was anxious to make some such arrangement as it is said he made.

By the agreement the bank agreed to do something it was not obligated to do. It was not bound to sue Mrs. Smith and her father and pay all expenses of such suit. Its agreement to have its attorney bring such action was, therefore, consideration in law to support Smith's agreement not to press his claim pending the outcome of the bank's action against his wife and her father.

If it be said that Smith did not agree to wait any stated length of time, the answer is that by such a contract he would be required to wait a reasonable time for the bank's attorney to bring to a conclusion the contemplated action against his wife and her father.

It is argued that the Statute of Limitations might run in favor of the bank. The answer is that he was free to make such a contract even though the period of limitation would continue meanwhile to run. In the interval of the succeeding five or six years the bank's time to act would expire, on the basis of a " reasonable time " for performance on its part, and the plaintiff could protect its rights in the meantime.

It is suggested that the bank could not recover in any event.

It could make an effort to do so and that is the purpose of the agreement.

The plaintiff says such a contract would be illegal, that the bank would be practicing law. There is no force to that contention.

The answer sets up the alleged agreement for forbearance as a defense. It is a defense and there is a triable issue as to whether it was made. (*Robinson* v. *Godfrey*, 2 Mich. 408; *Morgan* v. *Butterfield*, 3 id. 615. See, also, 1 Williston Cont. § 103c.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, O'Malley and Proskauer, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.